**FRANKLIN IRON & METAL CORPORATION, Petitioner, Cross-Respondent,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross-Petitioner.**

Nos. 95–5092, 95–5239.

United States Court of Appeals, Sixth Circuit.

Submitted April 19, 1996.

Decided May 13, 1996.

Marl R. Chilson, Barbara A. Lahmann (briefed), Young & Alexander, Dayton, OH, for Petitioner.

David Seid (briefed), N.L.R.B., Office of General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Paul J. Spielberg (briefed), N.L.R.B., Appellate Court Branch, Washington, DC, for Respondent.

Before: MERRITT, Chief Judge; ENGEL and RYAN, Circuit Judges.

ENGEL, Circuit Judge.

Franklin Iron & Metal Corp. ("Franklin"), a recycling center located in Dayton, Ohio, petitions this Court for review of a decision of the National Labor Relations Board (the "Board") that Franklin interfered with the statutory rights of its employees, particularly truck drivers John Gunter and Ronald Hill, in violation of § 8(a)(1) of the National Labor Relations Act (the "Act"). The Board cross-applies for enforcement of its order. At issue is whether the Board's findings that Franklin violated the Act are supported by substantial evidence. We find that they are.

Hill and Gunter filed charges against Franklin with the Board on March 4, 1993. They amended those charges on March 26, 1993. On or about April 15, 1993, the Board ordered the cases consolidated and issued a complaint against Franklin, alleging multiple violations of § 8(a)(1). On August 9 and 10, 1993, an evidentiary hearing was held before an administrative law judge (the "ALJ"). The ALJ issued his decision and recommended order on August 3, 1994. Only Franklin filed exceptions to the ALJ's decision and recommended order.

On December 16, 1994, the Board affirmed the ALJ's rulings, findings, and conclusions and adopted the recommended order. The Board concluded that Franklin violated § 8(a)(1) of the Act by (1) maintaining a rule prohibiting employees from discussing wages

**158**

and unions; (2) sending Hill home to shave on October 26; (3) questioning and threatening Hill with termination on October 28, 1992; (4) threatening Gunter and Hill on October 31 with reprisals for engaging in protected activity; (5) sending Hill home on November 4, 1992, pending investigation of a customer complaint; (6) removing Hill from that customer's run; (7) constructively discharging Hill; and (8) coercively interrogating Gunter about unions.

With the exception of the Board's finding that it maintained a rule prohibiting the discussion of wages, Franklin petitions for review of each of these findings. The Board seeks enforcement of all of them.

Section 7 of the Act guarantees employees "the right to self-organization, to form, join, or assist labor organizations, . . . and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection. . . ." 29 U.S.C. § 157. Section 8(a)(1) of the Act implements those guarantees by making it an unfair labor practice to "interfere with, restrain, or coerce employees in the exercise of" their § 7 rights. 29 U.S.C. § 158(a)(1).

Even if the Court would justifiably have made a different choice had the matter been before it de novo, the Board's unfair labor practice findings are entitled to enforcement if supported by substantial evidence. *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951); *NLRB v. Okun Bros. Shoe Store, Inc.*, 825 F.2d 102, 105 (6th Cir.1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1109, 99 L.Ed.2d 270 (1988). " 'Evidence is considered substantial if it is adequate, in a reasonable mind, to uphold the decision.' " *Emery Realty, Inc. v. NLRB*, 863 F.2d 1259, 1262 (6th Cir.1988) (quoting *Roadway Express, Inc. v. NLRB*, 831 F.2d 1285, 1289 (6th Cir. 1987)). "When there is a conflict in testimony, 'it is the Board's function to resolve questions of fact and credibility,' and [the][C]ourt ordinarily will not disturb credibility evaluations ·of the Board or an ALJ, who has observed the witnesses' demeanor." *NLRB v. Aquatech, Inc.*, 926 F.2d 538, 544 (6th Cir.1991); *NLRB v. Garon*, 738 F.2d 140, 142 (6th Cir.1984).

 Applying these principles, we have examined the record and considered fully the parties' arguments on appeal, all of which are nothing if not factually intense. Although several of the Board's decisions present close calls as to which we might not have agreed as an original matter, we cannot conclude that the Board's findings lack the requisite evidentiary support. Because the Board's findings are supported by substantial evidence, Franklin's petition for review is denied, and the order of the Board is enforced.